UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEVIN SERILLO,

                          Plaintiff,

          - v. -

CIELO LTD., DARNELL HAYES,
JOHN DOE #1-2,

and,

CITY OF NEW YORK,
POLICE OFFICER CRAIG SIKORSKI, and
POLICE OFFICERS JOHN DOE #3-7 in their
individual and official capacities,

                          Defendants.

-----------------------------------------------------------------X

Case No. 15-cv-10179

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff KEVIN SERILLO by and through his attorneys, Perlmutter & McGuinness, P.C., alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover monetary damages arising out of Defendants' violations of Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional rights when the Defendants unlawfully attacked, arrested, searched and caused the prosecution of Plaintiff.

-1-

2. This action arises out of conduct by the Defendants, which led to the assault, battery, unlawful arrest and search of Plaintiff and the prosecution of Plaintiff by representatives of the New York County District Attorney's Office, who are not parties to this action.

3. Defendants, acting in the course of their employment and/or acting under the color of state law, have intentionally and willfully subjected Plaintiff to, *inter alia*, false arrest, assault, battery, and malicious prosecution.

4. Defendants conducted an invasive and unlawful search of Plaintiff in violation of his Fourth, and Fourteenth Amendment rights under the United States Constitution, 42 U.S.C. § 1983.

## JURISDICTION

5. This is a civil action authorized by 42 U.S.C. §§ 1983 and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

6. The Southern District of New York ("SDNY") is an appropriate venue under 28 U.S.C. § 1391(b) because defendants conduct business and maintain their principal places of business in SDNY, and because a substantial part of events giving rise to the claim occurred in SDNY.

## JURY DEMAND

7.     Plaintiff demands a trial by jury on each of his claims that can be tried to a jury.

## THE PARTIES

8.     Plaintiff KEVIN SERILLO, is a 22-year-old citizen of the United States and is and was at all times relevant herein residing in Florida where he studied as a student at the University of Miami.

9.     DARNELL HAYES was at all times relevant herein an employee and agent of CIELO LTD. working as a doorman and/or bouncers at the Cielo nightclub located at 18 Little West 12th Street, New York, New York.

10.    JOHN DOE #1-2 are pseudonyms for two unidentified individuals who participated in the attack on Plaintiff. Upon information and belief, JOHN DOES #1-2 were at all times relevant herein employees of CIELO LTD. working as doormen and/or bouncers the Cielo nightclub.

11.    CIELO LTD. in a domestic business corporation incorporated in New York state with its principal executive office registered at 18 Little West 12th Street, New York, New York. CIELO LTD. is the operating entity for the Cielo nightclub located at the same address.

12.    POLICE OFFICERS JOHN DOE #3-7 (hereafter "OFFICER DOE #3-7") are pseudonyms for five unidentified New York City police officers who were present for and participated in the unlawful arrest of Plaintiff described herein. POLICE OFFICER CRAIG SIKORSKI (hereafter "OFFICER SIKORSKI") and

OFFICER DOE #3-7 were at all times relevant herein officers, employees, and agents of the New York City Police Department (hereafter "NYPD"). OFFICER SIKORSKI and OFFICER DOE #3-7 (collectively, the "OFFICERS") are being sued herein individually and in their official capacities.

13. The NYPD is a municipal agency of the CITY OF NEW YORK. At all times relevant herein, the NYPD hired, employed, supervised, and controlled the OFFICERS. Pursuant to N.Y.C. Charter § 396, the CITY OF NEW YORK is the party to be named in an action for the recovery of penalties for the violations stated herein.

## FACTS

### The Attack on Plaintiff

14. On January 1, 2015, moments after midnight, Plaintiff texted friends New Year greetings as he stood on the sidewalk in front of Cielo nightclub at 18 Little West 12th Street in New York, New York. DARNELL HAYES ordered Plaintiff to move, and when Plaintiff refused, DARNELL HAYES and JOHN DOE #1-2 viciously attacked Plaintiff.

15. DARNELL HAYES forcefully pushed Plaintiff off of the sidewalk, into the street, and to the opposite side of the street. DARNELL HAYES then forced Plaintiff into a street barrier causing Plaintiff to fall to the ground. Once Plaintiff was on the ground DARNELL HAYES began striking Plaintiff in the body.

16. At some point during DARNELL HAYES's attack on the Plaintiff, JOHN DOE #1-2 ran across the street from Cielo, to join in the attack. JOHN DOE

#1-2 and DARNELL HAYES punched Plaintiff in the stomach and chest, and kicked Plaintiff in the leg as he lay on the ground.

17. After assaulting Plaintiff, DARNELL HAYES, and JOHN DOE #1-2 walked back across the street and went inside Cielo. The assault occurred in full view of approximately two dozen witnesses waiting to enter Cielo.

18. As a result of the attack, Plaintiff suffered significant pain, bruises on his limbs and his torso, and scrapes causing him to bleed from his hands and knees.

19. Plaintiff eventually stood up and called 9-1-1 to summon the police. Upon reaching for his cellular phone, Plaintiff observed that the screen on his cellular phone had been cracked during the attack.

## The Arrest of Plaintiff

20. Plaintiff waited in the entry way of a nearby restaurant for the police to arrive.

21. The OFFICERS responded to Plaintiff's location. Immediately upon approaching Plaintiff, one of the OFFICERS instructed Plaintiff to come forward and place his hands behind his back. Plaintiff followed the OFFICERS instructions and was placed in handcuffs.

22. Plaintiff was arrested without probable cause.

23. Upon information and belief, the OFFICERS made no attempt to speak with any of the dozens of witnesses who viewed the attack. The OFFICERS knew or should have known that Plaintiff made the call to 9-1-1 to summon the OFFICERS. The OFFICERS knew or should have known that any accusations by

DARNELL HAYES, JOHN DOE #1-2, or other employees of Cielo against Plaintiff were false, and made to deflect responsibility away from DARNELL HAYES, JOHN DOE #1-2, and CIELO LTD.

24. Plaintiff attempted to explain to the OFFICERS that he was the victim of the attack and that Plaintiff had called 9-1-1. The OFFICERS did not acknowledge or respond to Plaintiff. The OFFICERS told Plaintiff to remain quiet.

25. Plaintiff consented to a search. The OFFICERS conducted a pat-frisk search of Plaintiff, and emptied his pockets. The OFFICERS did not find any contraband on Plaintiff.

26. As Plaintiff stood handcuffed on the sidewalk, OFFICER DOE #3-7 harassed, belittled, and provoked Plaintiff. OFFICER DOES #3-7 laughed at Plaintiff and clapped their hands in front of Plaintiff's face. OFFICER DOES #3-7 told OFFICER SIKORSKI to arrest Plaintiff, as Plaintiff would be the first arrest of the year.

27. Plaintiff made no efforts to resist arrest.

28. During the arrest of Plaintiff, a witness walked out of the nearby restaurant and informed police that he saw the attack and that Plaintiff was the victim and had been attacked. The OFFICERS told the witness to leave the scene or they would arrest him also.

29. Plaintiff continued to explain that he had been the victim of the attack as the OFFICERS placed him a police vehicle and drove him to the 6th precinct of the NYPD.

30. Plaintiff was taken to the 6th Precinct where he was detained for approximately two hours. During the detention Plaintiff was searched again. Plaintiff was placed inside a holding cell.

31. Plaintiff complied with all instructions and answered all questions asked of him.

32. At some point during Plaintiff's detention, OFFICER SIKORSKI asked Plaintiff pedigree questions, including his cell phone number. When Plaintiff gave OFFICER SIKORSKI his cell phone number, OFFICER SIKORSKI asked whether Plaintiff had called 9-1-1 earlier that night. Plaintiff again told OFFICER SIKORSKI about the earlier attack, and said that he had been trying to explain this since the time the OFFICERS arrived. At that point, OFFICER SIKORSKI let Plaintiff out of the holding cell and listened to Plaintiff.

33. Before allowing Plaintiff to leave the precinct, OFFICER SIKORSKI gave Plaintiff a desk appearance ticket returnable to New York City Criminal Court at 100 Centre Street on February 10, 2015, charging Plaintiff with Penal Law ("PL") § 120.00(1), Assault in the Third Degree. OFFICER SIKORSKI told Plaintiff not to worry and stated it was a "bullshit charge."

## Prosecution of Defendant

34. Prior to the February 10, 2015 court appearance, Plaintiff retained counsel to defend him against the criminal charge, and retained the services of an investigator to obtain the video recording of the assault.

35. The video recording of the assault shows DARNELL HAYES and JOHN DOE # 1-2 attacking Plaintiff.

36. On February 10, 2015, Plaintiff appeared in New York City Criminal Court and was arraigned on a criminal complaint charging him with PL § 120.00(1), Assault in the Third Degree; PL § 240.30(4), Aggravated Harassment in the Second Degree; and PL § 240.26(1) Harassment in the Second Degree. The complaint was sworn to by OFFICER SIKORSKI on January 22, 2015.

37. The complaint listed DARNELL HAYES as the source of the factual allegation stating that Plaintiff had struck DARNELL HAYES with a closed fist causing swelling to his lip and substantial pain.

38. Upon information and belief, OFFICER SIKORSKI conducted no investigation between the issuance of the desk appearance ticket to Plaintiff on January 1, 2015, and signing the complaint on January 22, 2015.

39. The matter was adjourned to March 10, 2015 for conversion.

40. On March 10, 2015, the prosecution did not file a supporting deposition, and the case was adjourned to May 13, 2015.

41. On May 13, 2015, the prosecution did not file a supporting deposition, and the case was dismissed and sealed pursuant to New York Criminal Procedure Law § 30.30.

42. For the February 10, 2015, March 10, 2015, and May 13, 2015, Plaintiff had to arrange travel from Florida, where he was a student, to New York

for his appearance in court. Plaintiff also suffered loss of earnings during his absence from Florida.

43. During the pendency of the criminal matter, Plaintiff was in the process of applying to law schools. The open criminal matter damaged Plaintiff's likelihood of acceptance at multiple law schools.

44. Plaintiff filed a notice of claim with the CITY OF NEW YORK, and sat for a 50-h hearing. Over 90 days have elapsed with no settlement efforts made.

### FIRST CAUSE OF ACTION
### Unlawful Seizure — Federal Claim
### (Against the OFFICERS)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if more fully set forth at length herein. On the occasion enumerated herein, the OFFICERS, harassed, assaulted, and battered Plaintiff and violated his Fourth Amendment right against illegal search and seizure when Plaintiff was searched and arrested without probable cause or a warrant.

46. The OFFICERS acted intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of their acts. As a direct and proximate result of the acts of defendants, Plaintiff experienced physical pain and injury, mental suffering, anguish, psychological and emotional distress, humiliation, embarrassment and deprivation of physical liberty.

47. The OFFICERS were acting in concert and under color of law.

48. The OFFICERS knew or should have known that Plaintiff called 9-1-1 and that Plaintiff had been the victim of the attack. The OFFICERS were not free to disregard the statements of witnesses who saw Plaintiff being attacked. The OFFICERS knew or should have known that any accusations were false and made by individuals with motivation to provide false information against Plaintiff.

49. The OFFICERS arrested Plaintiff without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure and the Fourteenth Amendment right to Due Process.

50. Plaintiff suffered the physical, mental, and emotional injuries as a result of the OFFICERS' deprivation of Plaintiff's civil, constitutional and statutory rights, and are liable under 42 U.S.C. §§ 1983 and 1985.

## SECOND CAUSE OF ACTION
### Unlawful Seizure/False Arrest/False Imprisonment — State Claim
### (Against all Defendants)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if more fully set forth at length herein.

52. DARNELL HAYES and JOHN DOE #1-2 caused the arrest and detention of Plaintiff by the OFFICERS by misrepresenting and/or causing others to make misrepresentations to the OFFICERS regarding the attack on Plaintiff.

53. The OFFICERS arrested and detained Plaintiff without probable cause in violation of the New York State Constitution Article 1, § 12, guaranteeing the Plaintiff's right to be free from unreasonable seizures, and New York common law.

54. Plaintiff suffered physical, mental, emotional, and financial injuries as a result of Defendants' deprivation of Plaintiff's rights under the New York State Constitution and common law, and, as such, Defendants are liable to Plaintiff.

### THIRD CAUSE OF ACTION
### Assault
### (Against all Defendants)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. By attacking Plaintiff, DARNELL HAYES and JOHN DOE #1-2 inflicted the tort of assault upon the Plaintiff. The acts and conduct of DARNELL HAYES and JOHN DOE #1-2 were the direct and proximate cause of injuries and damages to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. In the course of arresting Plaintiff, the OFFICERS also inflicted the tort of assault upon Plaintiff. The acts and conduct of the OFFICERS were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58. Defendants' conduct against Plaintiff constituted an assault upon Plaintiff in that the Defendants attempted to injure Plaintiff or commit battery upon him, and further that Defendants' acts represented a grievous affront to Plaintiff.

59. Defendants' actions were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants knew, or should have known, that his actions were without the consent of Plaintiff.

## FOURTH CAUSE OF ACTION
### Battery
### (Against all Defendants)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 59 with the same force and effect as if more fully set forth at length herein.

61. The attack by DARNELL HAYES and JOHN DOE #1-2 on Plaintiff constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized, and grossly offensive in nature.

62. The arrest of Plaintiff by the OFFICERS constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized, and grossly offensive in nature.

63. Such contact caused serious physical, psychological, and emotional pain and suffering, and otherwise caused damage to Plaintiff for which Defendants are liable.

## FIFTH CAUSE OF ACTION
### Malicious Prosecution — Federal Claim
### (Against the OFFICER SIKORSKI)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 63 with the same force and effect as if more fully set forth at length herein.

65. Following Plaintiff's arrest, OFFICER SIKORSKI did not make a full and complete statement of the facts to the District Attorney. OFFICER SIKORSKI knew or should have known that Plaintiff was the victim and did not strike DARNELL HAYES.

66. OFFICER SIKORSKI was directly and actively involved in the initiation of criminal proceedings against Plaintiff. OFFICER SIKORSKI acted with malice initiating and continuing the criminal proceedings against Plaintiff.

67. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated, and subjected to handcuffing and other physical restraints without probable cause.

68. Plaintiff suffered physical injury, extreme mental and emotional anguish as a result of OFFICER SIKORSKI's wrongful actions. Plaintiff's reputation was damaged, and suffered financial damage, among other things, as a result of OFFICER SIKORSKI's deliberate and malicious conduct.

69. The acts and conduct of OFFICER SIKORSKI deprived Plaintiff of his liberty without Due Process of Law in violation of his Fourteenth Amendment

Rights. OFFICER SIKORSKI is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

## SIXTH CAUSE OF ACTION
### Malicious Prosecution — State Claim
### (Against OFFICER SIKORSKI)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 69 with the same force and effect as if more fully set forth at length herein.

71. The acts and conduct of OFFICER SIKORSKI constitute malicious prosecution under statutory and common law of the State of New York, and, as such, OFFICER SIKORSKI is liable to Plaintiff.

## SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against all Defendants)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 71 with the same force and effect as if more fully set forth at length herein.

73. Defendants' conduct in assaulting, battering, searching, and unlawfully arresting Plaintiff, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community, and manifested conduct that exceeded all reasonable bounds of decency.

74. Defendants' conduct, described above, was intended to and did cause severe physical, psychological, and emotional distress to Plaintiff.

75. Defendants' conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

### EIGHTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against all Defendants)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 76 with the same force and effect as if more fully set forth at length herein.

78. Defendants' conduct, in assaulting, battering, and unlawfully arresting Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

79. Defendants' conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

## NINTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training, and Supervision
### (Against the CITY OF NEW YORK and CIELO LTD.)

81.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 80 with the same force and effect as if more fully set forth at length herein.

82.  The CITY OF NEW YORK, acting through the NYPD and its agents, servants and employees acting within the scope of their employment did negligently hire, retain, train, and supervise the OFFICERS who were unfit for the performance of police duties on January 1, 2015 at the aforementioned location. As such, the CITY OF NEW YORK is liable to Plaintiff for the negligent hiring, retention, training, and supervision of the OFFICERS.

83.  CIELO LTD., acting through its agents, servants and employees acting within the scope of their employment did negligently hire, retain, train, and supervise the DARNELL HAYES and JOHN DOE # 1-2 who were unfit for the performance of their duties on January 1, 2015 at the aforementioned location, and all relevant times thereafter. As such, CIELO LTD. is liable to Plaintiff for the negligent hiring, retention, training, and supervision of the DARNELL HAYES and JOHN DOE #1-2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. As to the First through Ninth Causes of Action, that the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $1,000,000 against the individual defendants, CIELO LTD. and the CITY OF NEW YORK, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000.00 against Defendants, jointly and severally;

b. That Plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and

c. That Plaintiff is granted such other and further relief as the Court deems just and equitable.

Dated: New York, New York
December 31, 2015

PERLMUTTER & MCGUINNESS, P.C.

By: _____
Daniel McGuinness
260 Madison Avenue, Suite 1800
New York, New York 10016
Tel: (212) 679-1990
Fax: (888) 679-0585
Attorneys for Plaintiff KEVIN SERILLO